UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDERSON,

    Plaintiff,

v.

NATIONAL ACRYLICS, IPOWER.COM,
OCEAN ROCK BATH LLC, and
NICK DOELLE,

    Defendants.

_____/

Civil Case No. 23-12071
Honorable Linda. V. Parker

## OPINION AND ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT

On August 14, 2023, Plaintiff filed this lawsuit alleging the following claims: (1) breach of contract against Defendant National Acrylics, (2) deprivation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983 against Defendants; (3) declaratory relief against Defendants; (4) tortious interference with contract against Defendants National Acrylics, Ipower.com, and Ocean Rock Bath LLC; and (5) "tort of another" against Defendants. (ECF No. 1.)  Plaintiff alleges that there is federal subject matter jurisdiction under 28 U.S.C. § 1331 based on his First Amendment claim.  (*Id*. at Pg ID 2, ¶ 7.)

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994). As a general rule, federal courts only have jurisdiction over matters that arise under the Constitution, laws, or treaties of the United States, 18 U.S.C. § 1331, or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 18 U.S.C. § 1332. A court must dismiss an action where federal subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Kroll v. United States*, 58 F.3d 1087, 1092 (6th Cir. 1995) (quoting *Jones v. Perrigan*, 459 F.2d 81, 83 (6th Cir. 1972)) ("This court is required to consider independently the question of jurisdiction and dismiss on its own motion if jurisdiction is lacking.").

To start, federal question jurisdiction is lacking because Plaintiff does not allege a viable claim arising under the Constitution, laws, or treaties of the United States. Plaintiff asserts violations of his First Amendment rights under the United States Constitution but—with limited exceptions not applicable here—such claims must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (holding that § 1983 is the exclusive remedy for alleged violations of a plaintiff's constitutional rights). Plaintiff seems aware of this requirement.

However, to state a viable claim under § 1983, Plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) this deprivation was caused by a

2

person *acting under the color of state law*. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Defendants are private actors, and therefore, are not entities or individuals subject to suit under § 1983.[1] "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Moreover, the United States Supreme Court has long held that the First Amendment's "Free Speech Clause prohibits only *governmental* abridgement of speech. The Free Speech Clause does not prohibit *private* abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, -- U.S. --, 139 S. Ct. 1921, 1928 (2019) (citations omitted). Consequently, Plaintiff's First Amendment § 1983 claim against Defendants does not provide a basis for federal subject matter jurisdiction.

Next, diversity jurisdiction is lacking because Plaintiff and at least Defendant Nick Doelle are not citizens of different states. Rather, they are both citizens of Michigan. (*See* ECF No. 1 at Pg ID 1, ¶¶ 2, 6.)

---

[1] While there are limited circumstances where a private entity may qualify as a state actor, *see Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 139-40 (6th Cir. 2023), Plaintiff's allegations do not suggest that those circumstances are present here.

To the extent Plaintiff alleges valid claims against Defendants—although the Court is not suggesting or stating that he does—those claims arise under state, not federal, law.  To the extent Plaintiff has a federal claim against Defendants which he has not set forth in his Complaint or is otherwise able to establish federal subject matter jurisdiction, the Court is granting him leave to file an amended complaint within twenty-one (21) days of this Opinion and Order.[2]

The Court will dismiss this action if Plaintiff fails to file an amended complaint by the deadline or if he files an amendment that fails to establish a basis for federal subject matter jurisdiction.  The dismissal as to Plaintiff's state-law claims will be without prejudice, thereby allowing Plaintiff to pursue those claims in state court, if he chooses to do so.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 22, 2023

---

[2] There is a clinic at the courthouse available to assist pro se parties.  Information about the clinic is available at http://www.mied.uscourts.gov/Pro_Se_Clinic_2019.  Representatives at the clinic may be able to assist Plaintiff in responding to this Opinion and Order.

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 22, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager