UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDERSON,

    Plaintiff,

v.

NATIONAL ACRYLICS, IPOWER.COM,
OCEAN ROCK BATH LLC, and
NICK DOELLE,

    Defendants.
_____/

Case No. 23-cv-12071
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING DEFENDANT NATIONAL ACRYLIC'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO COMPEL

Plaintiff Robert Anderson filed this pro se lawsuit against Defendants on August 14, 2023. (ECF No. 1.) Because Anderson's Complaint failed to set forth a basis for federal subject matter jurisdiction, the Court ordered him to file an amended pleading (ECF No. 5), which he did on September 6, 2023 (ECF No. 6). Defendants Ocean Rock Bath LLC and Nick Doelle have filed an Answer to the Complaint (ECF No. 16), and Ocean Rock Bath LLC has also filed a Counter-Complaint against Plaintiff (ECF No. 15). Defendant National Acrylics responded to the Complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 13.) Anderson responded to the motion. (ECF No. 18.)

Anderson also has filed a motion to compel Defendants' answers to his First Set of Interrogatories, which he served on September 28, 2023. (ECF No. 20.) Pursuant to this Court's Practice Guidelines, however, discovery motions may not be filed before the party seeking discovery contacts the Court. *See* http://www.mied.uscourts.gov/. Only if the Court then grants permission may the motion be filed. Moreover, Federal Rule of Civil Procedure 26 precludes a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The parties have yet to engage in a Rule 26(f) conference. For these reasons, the Court is denying the motion.

## I.  Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## II.     Factual and Procedural Background

Anderson owns Detroit Tubs, which performs tub installation and refinishing services. (ECF No. 6 at PageID. 27, ¶ 9.) Anderson and Doelle entered a contract on November 19, 2019, for Doelle to provide tub installation and remodeling services. (*Id.* ¶ 10.) The contract prohibits Doelle from competing with Detroit

3

Tubs. (*Id.* ¶ 11.) Nevertheless, Doelle formed Ocean Rock Bath, LLC, which competes directly with Detroit Tubs. (*Id.* ¶ 12.)

In response, Anderson bought the domain name www.oceanrockbaths.com, which was published through Ipower.com. (*Id.* ¶ 13.) Anderson also filed a lawsuit against Doelle in Macomb County Circuit Court, alleging breach of contract and tortious interference. (*Id.* at PageID. 28, ¶ 14.) Doelle's attorney subsequently sent a letter to iPower.com accusing Anderson of copyright violations. (*Id.* ¶ 15.) iPower.com then froze Anderson's 15 websites, which were hosted by iPower.com. This interfered with Anderson's interactions with potential and existing clients. (*Id.* ¶ 16.)

In his Amended Complaint, Anderson alleges three counts:[1] (1) violation of 17 U.S.C. § 512(f) against Doelle and iPower.com; (2) declaratory relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2202 against all Defendants; and (3) tortious interference with contract against National Acrylics. In the paragraphs specific to his tortious interference with contract claim, Anderson incorporates by reference his previously alleged facts (i.e., those set forth above) and adds that "National Acrylics interfered with the reasonable expectation [sic] by competing with [Anderson]'s company in violation of the [a]greement between

---

[1] Plaintiff misnumbers his third count as "Count 4." (*See* ECF No. 6 at PageID. 30.)

4

[Anderson] and Nick." (ECF No. 6 at PageID. 30, ¶ 42.) Anderson further alleges that National Acrylics influenced Doelle to terminate his contract with Anderson. (*Id*. ¶ 43.)

### III.   Applicable Law & Analysis

As set forth earlier, to survive a motion to dismiss, Anderson must allege "sufficient factual matter" in his Amended Complaint to make his claims against National Acrylics "plausible." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Anderson's pleading, however, is devoid of any factual allegations against National Acrylic. The two paragraphs that do mention National Acrylics, which are embedded within the tortious interference with contract allegations, lack any factual details. They amount to bare legal conclusions and "'naked assertions' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In response to National Acrylics' motion, Anderson does not attempt to elaborate on how National Acrylics purportedly "interfered with" the contract between Anderson and Doelle.[2] Nor does Anderson explain how National Acrylics "influenced [Doelle] to terminate the said contract[.]" In fact, Anderson fails to respond to any of the arguments in National Acrylics' motion. He does seem to indicate that he is not suing National Acrylics in his Amended Complaint. (ECF

---

[2] National Acrylics says that the contract in fact is between Detroit Tubs and Doelle—an assertion Anderson ignores in his response brief. Thus, the question of whether Anderson can even bring this claim raises another reason to dismiss it.

No. 18 at PageID. 88, ¶ 1 "The Plaintiff ROBERT ANDERSON[] filed a First Amended Complaint/deprivation of rights against the Defendants, Ocean Rock Bath LLC and Nick Doelle Individually NOT **NATIONAL ACRYLICS**" (emphasis in original).)

However, even if he is, for the reasons set forth above and for the reasons stated in National Acrylics' motion, the Court finds that Anderson's claims against this Defendant fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS ORDERED** that National Acrylics' motion to dismiss (ECF No. 13) is **GRANTED** and this Defendant shall be **TERMINATED** as a party.

**IT IS FURTHER ORDERED** that Anderson's motion to compel (ECF No. 20) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 16, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 16, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager